[No. B148621. Second Dist., Div. Five. Oct. 22, 2002.]

HEALTH INDUSTRIES OF AMERICA, INC., et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION
AUTHORITY et al., Defendants and Respondents.

### COUNSEL

Girardi & Keese and John A. Girardi for Plaintiffs and Appellants.

Wasserman, Comden & Casselman, David B. Casselman, Rebecca J. Schroer, and Elsa H. Jones for Defendant and Respondent Los Angeles County Metropolitan Transportation Authority.

Monteleone & McCrory, Andrew W. Hawthorne and William R. Baerg for Defendants and Respondents Shea-Kiewit-Kenny, J.V. and J.F. Shea Company, Inc.

### OPINION

**ARMSTRONG, J.**—Appellants are the owners of parcels of real property in and around Hollywood. Respondents are Los Angeles County Metropolitan Transportation Authority, Shea-Kiewit-Kenney, J.V. and J.F. Shea Company, Inc. Appellants appeal Commissioner Bruce Mitchell's order dismissing the action for failure to bring the case to trial within five years. Because we determine that retired Judge Johnson, in a proper exercise of his jurisdiction, extended the five-year statute, we reverse.

FACTS

This action arose out of the construction of the Metro Rail Red Line subway tunnels and stations in Hollywood. The original complaint, filed on April 28, 1995, named over 600 plaintiffs who were owners of property along the route of the Metro Rail Red Line. The complaint named as defendants a number of entities, including respondents, who were involved, in one capacity or another, in the construction of the Metro Rail Red Line subway tunnels and stations.

The fourth amended complaint, which is the operative pleading, contains causes of action for inverse condemnation, private nuisance, trespass, negligence, dangerous condition of public property, liability for acts of independent contractors under Government Code section 815.4, violation of Civil Code section 832, and declaratory relief.

The matter was originally assigned to Commissioner Mitchell in Department 59, the Eminent Domain Department of the Los Angeles Superior Court, Central District. As the case progressed, various plaintiffs settled or agreed to have their cases heard by private judges. In September 1999, the parties agreed to divide the remaining plaintiffs into "trial groups," often based on geography, and provided that each of the trial groups would "receive a separate adjudication by reference to a trial judge to be chosen by the parties." This appeal involves two such trial groups: the 5700-6000 blocks of Hollywood Boulevard trial group (Group I) and the Health Industries of America, Inc., trial group (Group II).

On November 15, 1999, Commissioner Mitchell executed an order, pursuant to the stipulation of the parties, appointing retired Judge Thomas Johnson as Judge Pro Tem to try the Group I case. A similar order was made with respect to the Group II case on April 7, 2000. These orders transferred the matter to Judge Johnson for trial. The stipulation provided: "1. [Defendants] and Plaintiffs will request by this Stipulation that the Court appoint Retired Judge Thomas Johnson as Judge Pro Tem to hear the trial of this matter. Except as modified in this Agreement and Stipulation, Judge Johnson shall apply California substantive and procedural law in acting in such capacity. [¶] 2. The trial of the matter will take place over 4 days (6 hours of trial time per day), subject to the schedule of the Judge. Plaintiffs will pay one-half of the fees of the Judge and defendants will pay the other half. The first portion of the proceeding will be devoted to site visits. Any issues of time allocation will be decided by the Judge. Discovery and other pretrial matters will be conducted according to California law and all hearings will be noticed in Department 59."

The original five-year period of Code of Civil Procedure[1] section 583.310 was set to expire in April of 2000. In February of that year, and after entering into the stipulation, the parties agreed to extend the five-year period for all outstanding trial groups to October 24, 2000.

In the summer of 2000, appellants sought to obtain trial dates for Groups I and II, and on August 15, 2000, a conference was held before Judge Johnson for that purpose. At that conference, appellants' counsel stated that appellants were then prepared to go to trial, and specifically requested that the matters be set for trial before the October 24, 2000 deadline. Respondents objected to the schedule proposed by appellants, noting that there were four trial groups already set to be tried before the October 24, 2000 cutoff, and that expert depositions were required to be taken for each of those. Respondents also advised Judge Johnson that primary discovery in the Group I and II cases had not been completed.

Judge Johnson set Group I for trial on December 4, 2000, and Group II for trial on December 18, 2000. When respondents noted that those trial dates were beyond the five-year deadline, Judge Johnson commented as follows: "Another basis of what is before me today to ensure as nearly as possible a fair trial in each of these matters, it does not appear to be feasible to set these cases, these matters to commence before the 24th of October. I make no finding as whether one side or the other is primarily or totally responsible for the condition that they find themselves in. It is clear from the representations that counsel have made this morning that plaintiffs say they are ready to go and defendants say that for reasons that they believe are good and sufficient, it would not be fair to them to set the matters. [¶] To that extent I make a finding with respect to these . . . sets of disputes that it is impossible to set the matters before the October 24th date." Respondents took no steps to challenge this finding.

On November 9, 2000, respondent Shea-Kiewit-Kenney filed with Commissioner Mitchell a motion to dismiss Group I appellants for failure to bring the matter to trial within the extended five-year period, pursuant to section 583.310 et seq. The other respondents timely joined in the motion. A similar motion was filed on November 16, 2000, with respect to Group II, in which all respondents again joined.

The motions to dismiss averred that appellants did not commence the process of obtaining trial dates for Group I and 17 other trial groups until July of 2000, even though the October 24, 2000 deadline applied to all of

---

[1] Unless otherwise indicated, further statutory references are to this code.

these groups. The motion also argued that the stipulation executed by the parties specifically left jurisdiction for all pretrial matters in department 59, that appellants never filed any motion with either Judge Johnson or Commissioner Mitchell seeking to extend the October 24, 2000 trial deadline, and that appellants presented no evidence at the trial setting conference before Judge Johnson that it was impossible, impracticable, or futile to bring the matter to trial by October 24, 2000.

The motion to dismiss the Group I plaintiffs was heard and granted by Commissioner Mitchell on December 1, 2000, while the motion with respect to the Group II plaintiffs was heard and granted on December 11, 2000. Appellants appeal the judgments entered. Both parties' arguments focused on the question of jurisdiction: appellants maintained that Judge Johnson had jurisdiction to set the trial date as he deemed fit, even if in so doing he extended the five-year statute, while respondents maintained that the issue of the five-year statute was a pretrial matter, to which the parties had reserved jurisdiction in Commissioner Mitchell. At the hearing on the motion to dismiss, Commissioner Mitchell held that the issue of the five-year statute was a pretrial matter subject to his exclusive, retained jurisdiction. Appellants challenge that ruling on appeal.

## DISCUSSION

Appellants maintain that Commissioner Mitchell's orders of dismissal for failure to bring the matters to trial by October 24, 2000, countermanded Judge Johnson's orders setting the trial dates for December 2000, in effect vacating the latter orders. Appellants cite *Greene v. State Farm Fire & Casualty Co.* (1990) 224 Cal.App.3d 1583 [274 Cal.Rptr. 736], which noted, "The power of one judge to vacate an order duly made by another judge is limited." (*Id.* at p. 1588.) As appellants explain, "Commissioner Mitchell erred, as a matter of law, in not directing the motion to dismiss to Judge Johnson, the judge who originally issued the order regarding the five-year statute."

We begin by noting that Judge Johnson was acting pursuant to a stipulation executed by the parties, which directed him "to hear the trial of this matter." That agreement further provided that "Discovery and other pretrial matters" were to be conducted before Commissioner Mitchell in department 59. ■ The question thus is whether, under the terms of the stipulation, a ruling regarding the expiration of the five-year statute was a pretrial matter to be heard by Commissioner Mitchell, or a trial setting matter to be heard by Judge Johnson. For this reason, *Greene v. State Farm Fire & Casualty Co., supra,* 224 Cal.App.3d 1583 cited by appellants is inapposite.

As appellants argue, when the parties appeared before Judge Johnson on August 15, 2000, to set a trial date, it was wholly within Judge Johnson's power to schedule the trial at his pleasure. The judge noted that both he and appellants were ready to commence trial prior to October 24, 2000. However, Judge Johnson accepted respondents' representation that an October 24, 2000 trial date did not give them sufficient time to prepare for trial. Thus, he set the trials for December, after expiration of the five-year statute. In so doing, Judge Johnson acted well within the authority granted him in the stipulation, which vested in him all matters concerning the scheduling of the trial, including "[a]ny issues of time allocation . . . ."

At the trial-setting conference, the parties discussed at length the ramifications of setting the matters for trial either before or after the October 24, 2000 deadline. Respondents stated their view that, if the trial were set on a date beyond October 24, 2000, appellants would be required to file a motion in department 59 to extend the five-year statute: "It is the plaintiffs' burden to go in to Department 59 and say we couldn't get all these set before the five and a half year deadline. We need another extension. It was impossible to do it and we are entitled to the extension under the law. [¶] If Department 59 gives them that relief and says, okay, you have got another six months, then that's the way it is. If Department 59 says you have not met your burden, then that's what happens too." Appellants believed that, by finding that it was "impossible" to commence the trial prior to October 24, 2000, Judge Johnson tolled the five-year statute pursuant to section 583.340.

After the December dates were set, Mr. Fee, counsel for one of the respondents, inquired of the court whether it was "making any ruling on existence of the five-year issue . . . ?" Judge Johnson responded: "On the basis of what is presented to me today, I see no good reason in fairness to all, why the five-year date should not be extended." Additionally, after hearing lengthy arguments from counsel on the issues of impossibility of trying the matter within the statutory deadline and any resulting prejudice to respondents, the judge stated: "Let's say that under all the circumstances I think it is fair to set and appropriate to set the hearing dates when there is some time. Are we talking about November and December?" Thus, it is clear from the transcript of the trial setting conference that Judge Johnson intended to extend the five-year statute.

Moreover, Judge Johnson clearly believed that appellants had won the day. At the conclusion of the hearing, he stated: "I think there . . . should be an order or orders setting forth what we are talking about. The normal procedure would be to ask one side to prepare a proposed order and I always

try to pick the happier side, which in this case is the plaintiff, . . ." We note as well that, while respondents voiced their objections to Judge Johnson's ruling, they took no steps to challenge it.

As previously stated, the resolution of the issue before us turns on the proper interpretation of the stipulation. That agreement states that Judge Johnson is to try the matter "subject to the schedule of the Judge," and that "Any issues of time allocation will be decided by the judge." Judge Johnson was clearly authorized to set the matter for trial before October 24, as requested by appellants. Indeed, both appellants and Judge Johnson were prepared to try the case before the expiration of the five-year statute. Respondents requested that Judge Johnson set the trials after October 24, to accommodate their schedules and give them sufficient time to prepare for the trials of the Group I and Group II matters. In granting that request, Judge Johnson tolled the five-year statute pursuant to the authority granted to him by the parties in the stipulation.

In sum, because Commissioner Mitchell had transferred the matter to Judge Johnson for trial, reserving to himself only discovery and other pretrial matters, and because we have determined that Judge Johnson's tolling of the five-year statute was a proper exercise of the jurisdiction granted him pursuant to the stipulation and order appointing him "to hear the trial of this matter," Commissioner Mitchell was without jurisdiction to dismiss the action for failure to bring the case to trial within five years.

DISPOSITION

The judgment is reversed. Appellants are to recover their costs on appeal.

Turner, P. J., and Mosk, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 22, 2003.